THOMAS, Justice.
The original plaintiff, Roberta E. Wilson, filed a bill of complaint against Elizabeth R. Wigfall and John N. Wigfall, Jr., her husband. A résumé of the allegations of the pleading follows: On 24 August 1948 the plaintiff had executed and delivered to Elizabeth R. Wigfall a warranty deed to certain property, reserving to. the grantor ’ a life estate. A few months before that the plaintiff had conveyed the same property to one James W. Campbell for" “$10.00 and other good and valuable considerations” according to a recital in the instrument, but it was averred, despite the recital, that no consideration whatever passed to the grantor who had never relinquished. actual possession of the property. In, the later deed it was stated that the transfer to Campbell had been made, without "consideration and that the grantor had always retained possession. It was further recited that the immediate conveyance, though ostensibly made for “$10.00 and other good and valuable consideration”, was really based on affection for the grantee. The day before the execution of the deed to Wigfall, Campbell had re-conveyed the property to the plaintiff
*909 The plaintiff claimed that at the time of the first deed she had attained the age of eighty-five years and that abqut that'-time she became bedfast, and that for. approximately two and one-half years afterward “she complained of a ringing sensation in her ears and 'a feeling of dizzines's” -and did not regain “full use of her faculties” until April 1950, when she' “determined” that the various transaction's had taken place during her illness. ■ The plaintiff repudiated the profession of' affection for Elizabeth R. Wigfall and. charged that Elizabeth R. Wigfall conspired - with unknown persons to defraud her of her property and ■ “in some manner’’ procured the conveyance. The plaintiff concluded these charges with one that the, Wigfalls. contrived in furtherance of a conspiracy, to defraud her of her tapestries, antiques and “collector’s items.”
The plaintiff sought a decree in which the court would declare “whether or not” the defendants held the property lawfully and equitably and would declare that the title was held in trust for her.
The Wigfalls, after their motion to dismiss had been denied, filed an answer admitting the parts of the bilí setting out the conveyances, claiming lack of knowledge of plaintiff’s sickness, and denying all charges of fraud or conspiracy on their part.
The plaintiff died during the progress of the suit and a copy of her will devising the property in question to Jack Belcher and Ann Belcher was attached to the cross-complaint. An administrator of her estate subsequently appointed by the court was then substituted for the original plaintiff and is appellant here.
In her cross-complaint against Selby B. Davis, administrator, Jack and Ann Belcher, devisees, Selby B. Davis and Lachlan R. Davis, who claimed to be the sole heirs at law of Roberta E. Wilson, and the wives of the Davises, Elizabeth R. Wigfall sought to quiet her title to the property described in the deed from Roberta E. Wilson to her.
The Davises answered and decrees pro confesso were entered against the Belchers. The chancellor heard the testimony and afterward dismissed the bill and entered a decree quieting the title "of the cross-plaintiffs who are now appellees.
We have‘carefully read all the testimony in the case and have reached the firm belief that, the appellant wholly failed to prove that at the time of the execution of the deed conveying the property in question to Elizabeth R. Wigfall the grantor lacked the mentality to understand the nature and effect of the instrument. Travis v. Travis, 81 Fla. 309, 87 So. 762. We do not here digest the testimony offered to support the allegations of the bill because we think the expenditure of time and space for the purpose is fiot justified, especially in "view of the frail allegations' already quoted which formed the framework for the proof.
The appellant takes exception to the chancellor’s action in quieting the title of Elizabeth R. .Wigfall when no testimony had been offered by her to substantiate the allegations of the cross-complaint. It seems to us this challenge presents for consideration a question that is purely academic. The Belchers had ignored the suit; no one remained but the Davises, one of whom was administrator, two of whom were heirs. When tbe assault upon the deed was not sustained the conveyance- was in effect held valid for there was no charge of infirmity except the capacity of the grantor to execute it; when the chancellor held that the deed withstood the attack he simply stated his conclusion in another way by confirming the title in the appellee, Elizabeth R. Wig-fall.
"We find no occasion to disturb the decree.
. Affirmed.
ROBERTS, C. J., and HOBSON and DREW, JJ., concur.